UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:21-cr-25-RBD-EJK

ADAM LEE ROSEMAYER

18 U.S.C. § 922(d)(1)
18 U.S.C. § 922(o)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about January 10, 2021, in the Middle District of Florida, the defendant,

ADAM LEE ROSEMAYER,

did sell a homemade firearm to another person, knowing and having reasonable cause to believe that the person had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2).

### COUNT TWO

On or about January 12, 2021, in the Middle District of Florida, the defendant,

ADAM LEE ROSEMAYER,

did sell two Glock firearms to another person, knowing and having reasonable

cause to believe that the person had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2).

### COUNT THREE

On or about January 13, 2021, in the Middle District of Florida, the defendant,

ADAM LEE ROSEMAYER,

did sell two Glock firearms to another person, knowing and having reasonable cause to believe that the person had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2).

### COUNT FOUR

On or about January 13, 2021, in the Middle District of Florida, the defendant,

ADAM LEE ROSEMAYER,

did knowingly possess and transfer four machineguns, that is, four auto sear devices, which are parts designed and intended for use in converting a weapon into a machinegun.

In violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

# **FORFEITURE**

1.  The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 922(d)(1) and 922(o), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
ILIANYS RIVERA MIRANDA
Assistant United States Attorney

By: _____
Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
2/11/21 Revised

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

ADAM LEE ROSEMAYER

## INDICTMENT

Violations: 18 U.S.C. § 922(d)(1)
18 U.S.C. § 922(o)

A true bill,

*Douglas Riegert-Johnson*
Foreperson

Filed in open court this 11th day of February, 2021

_____,
Clerk

Bail $_____

GPO 863 525